United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN DEAN PARKS,

    Plaintiff,

    v.

G. WILLIAMS, C/O,

    Defendant.
_____/

No. C-12-6140 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.   INTRODUCTION

Steven Dean Parks, an inmate at San Quentin State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.   BACKGROUND

The complaint in this action is rather confusing, and is made only slightly less so by reading the exhibits. In this action, Mr. Parks sues defendant correctional officer ("C/O") E. Williams for his acts in connection with the issuance of a CDC 128-A counseling chrono ("counseling chrono") that documented minor inmate misconduct by Mr. Parks.[1]

---

[1] The CDC-128-A counseling chrono is the second least serious response to inmate misconduct. California regulations provide for several ways for prison staff to handle inmate misconduct. "Staff may respond to minor misconduct by verbal counseling. When verbal counseling achieves corrective action, a written report of the misconduct or counseling is unnecessary." Cal. Code Regs. tit. 15, § 3312(a)(1). "When similar minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a CDC Form 128-A, Custodial Counseling Chrono." *Id.* at § 3312(a)(2). The inmate receives a copy and the original is placed in his file. *Id.* The regulation does not contemplate any further action being taken on a CDC 128-A. When misconduct "is believed to be a violation of law or is not minor in nature," a CDC-115 rule

On July 13, 2012, C/O Williams issued a counseling chrono to Mr. Parks for being in a place he was not supposed to be at that particular time:

> I observed inmate Parks . . . taking a shower when there was no shower program being conducted in West Block. I ordered inmate Parks to get out of the shower and to return to his assigned cell and lock up. I counseled inmate Parks and advised him that there was no shower program at that time in the unit, and would not be any shower program until 1100 hours. I further advised inmate Parks that he would be receiving a CDC-128A for being out of bounds.

Docket # 1-1, p. 4.

Mr. Parks alleges that the shower was not out of bounds and that, in any event, he needed a shower because he was very ill. He further alleges that he was ill because there was "unsafe soap that was under state wide recall." Docket # 1, p. 3. The exhibit that allegedly shows the "unsafe soap" is a memorandum for distribution to the staff and inmate population that stated that the California Prison Industry Authority (CALPIA) recommended that its customers stop using bar soap already purchased from CALPIA because it had been discovered that "a trace amount of chemical that is listed for review under the Safe Drinking Water and Toxic Enforcement Act of 1986 (Prroposition 65) as carcinogen was found to be present in CALPIA's bar soaps. CALPIA has ceased production of soap using this ingredient." Docket # 1-1, p. 5. That same memorandum stated that CALPIA "has not been contacted by anyone reporting health concerns associated with this product" and was discontinuing it as a precautionary measure. *Id.*

Mr. Parks contends that C/O Williams "made it a joke. This is a violation of my 8th Amendment/deliberate indifference to my medical care and needs." Docket # 1, p. 3. Mr. Parks does not allege what "it" was, i.e., what C/O Williams joked about.

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

---

violation report may be issued. *Id.* at § 3312(a)(3). CDC-115 rule violation reports are classified as administrative or serious, trigger certain procedural protections, and can result in various forms of discipline for the offending inmate. *See* Cal. Code Regs. tit. 15, §§ 3313-3316.

2

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A.  Medical Claim

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, evaluating a claim of deliberate indifference necessitates examining "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Estelle*, 429 U.S. at 104). A prison official exhibits deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health. *See Farmer*, 511 U.S. at 837.

Mr. Parks alleges that C/O Williams was deliberately indifferent to his medical needs in the July 13, 2012 incident. Even with liberal construction, the *pro se* complaint does not adequately allege a serious medical need. The fact that the soap was recalled due to trace amounts of a carcinogen does not suggest a serious medical need for an inmate who had used it. The *pro se* complaint also does not adequately allege deliberate indifference by the correctional officer: issuing

3

a counseling chrono to an inmate for being in the shower at an unscheduled time does not show deliberate indifference.

On an exhibit attached to the complaint, Mr. Parks wrote that he had a "neuro-virus;" that C/O Williams was told of his neuro-virus; and that C/O Williams told Mr. Parks to show him a chrono. Docket # 1-1, p. 4. Mr. Parks does not indicate that he showed C/O Williams a chrono or any other authorization for him to shower. To the extent Mr. Parks suggests that the ducat on the same page gave him permission to shower, he errs: the inmate ducat (i.e., permission slip) was for the day before the shower incident and allowed him to go for a "BP check." *Id.*

As it cannot be said that it is impossible for Mr. Parks to amend to allege a cognizable Eighth Amendment claim, the court will grant leave to amend. In his amended complaint, he must allege facts showing both a serious medical need and deliberate indifference to it by C/O Williams.

B. <u>The Counseling Chrono</u>

False charges alone are not actionable under § 1983 because falsely accusing an inmate of misconduct does not violate a right secured by the Constitution or laws of the United States. For a false accusation to be potentially actionable, the false charge must implicate some constitutional right, such as the Fourteenth Amendment's right to due process or the First Amendment-based right to be free from retaliation. An allegation of a false charge that results in discipline that is not severe enough to amount to a deprivation of a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995)[2] – such as imposing an atypical and significant hardship or by inevitably affecting the duration of confinement – does not state a claim under § 1983. *See Smith v. Mensinger*, 293 F.3d

---

[2] The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Changes in conditions of confinement for a prison inmate may amount to a deprivation of a constitutionally protected liberty interest, provided that the liberty interest in question is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). An interest of "real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. In determining whether a restraint is an "atypical and significant hardship," courts consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, the duration of the condition, the degree of restraint imposed, and whether the discipline will invariably affect the duration of the prisoner's sentence. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

641, 653-54 (3d Cir. 2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*); *accord Strong v. Ford*, 108 F.3d 1386, 1997 WL 120757 (9th Cir. 1997) (unpublished table case) (affirming summary judgment in favor of defendants where guard's allegedly false statement resulted in a loss of 30 days time credit that was ultimately restored; "[t]he alleged making of a false charge, however reprehensible or violative of state law or regulation, does not constitute deprivation of a federal right protected by 42 U.S.C. § 1983 when it does not result in the imposition of 'atypical hardship on the inmate in relation to the ordinary incidents of prison life'"). Even if the false charge does result in discipline that amounts to the deprivation of a protected liberty interest under *Sandin*, a § 1983 claim is not stated if the inmate is afforded the procedural protections required by federal law at the disciplinary hearing. *See Smith*, 293 F.3d at 654; *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Here, Mr. Parks did not allege any facts to suggest that the allegedly erroneous charge in the counseling chrono implicated some constitutional right. The "discipline" consisted of nothing more than being advised that he was out of bounds and being told not to do it again. No due process claim is stated because the "discipline" was not severe enough to amount to a deprivation of a protected liberty interest under *Sandin*. As it cannot be said that it is impossible for Mr. Parks to amend to allege a cognizable § 1983 claim based on the issuance of the counseling chrono, the Court will grant leave to amend.

## IV. CONCLUSION

The complaint fails to state a claim upon which relief may be granted. Leave to amend will be granted so that Plaintiff may attempt to state a claim. The amended complaint must be filed no later than **May 31, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them

for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 23, 2013

_____
EDWARD M. CHEN
United States District Judge