UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEAN PARKS, | No. C-12-6140 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| G. WILLIAMS, C/O, | |
| Defendant. | |

Steven Dean Parks, an inmate at San Quentin State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against correctional officer Williams for allegedly falsifying a CDC 128-A counseling chrono that documented minor inmate misconduct (i.e., showering at an unauthorized time), and imposed no discipline. Upon reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Court issued an order discussing several deficiencies in the complaint and dismissing it with leave to amend. Mr. Parks then filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

The amended complaint fails to cure the deficiencies of the original complaint. The amended complaint does not state a claim for a due process violation based on the allegedly false counseling chrono that defendant wrote. As the Court explained in the order of dismissal with leave to amend, to allege a cognizable due process claim, Mr. Parks had to allege facts showing that the falsification of the counseling chrono caused the imposition of an atypical and significant hardship or inevitably affected the duration of Mr. Parks' confinement. In his amended complaint, Mr. Parks alleges that the presence of the counseling chrono in his central file will work to his detriment in his

parole consideration. However, as the Court explained in the order of dismissal with leave to amend, the possible effect of a report of prison misconduct on later parole consideration is simply too speculative to meet the *Sandin* test for a protected liberty interest. *See* Docket # 4 at 4-5 (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995)). The due process claim must be dismissed.

Mr. Parks contends in his amended complaint that C/O Williams was deliberately indifferent to his medical needs because C/O Williams ordered him out of the shower that he really needed because he had earlier used recalled soap, had a "neuro-virus," had soiled himself with his own feces. As explained in the order of dismissal with leave to amend, "[t]he fact that the soap was recalled due to trace amounts of a carcinogen does not suggest a serious medical need for an inmate who had used it." *See* Docket # 5 at 3. As also explained in the order of dismissal with leave to amend, his alleged condition of having a neuro-virus does not show deliberate indifference because, when Mr. Parks claimed to have a right to shower for his neuro-virus, C/O Williams allegedly asked to see a permission slip for a shower and Mr. Parks did not produce any chrono or authorization for him to shower. *See id.* at 4. (As the Court noted, the inmate ducat Mr. Parks claimed authorized the shower plainly was for a "BP check" rather than a shower, and was for the day before the shower incident. *Id. See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995) (document attached document will be read to evidence what it incontestably shows once one assumes that it is what the complaint says it is or that it is what it appears to be). Finally, the allegation that he was written up for showering when he had feces on him does not show a cognizable claim for deliberate indifference to his medical needs, as he alleges that he already was showering when C/O Williams told him to get out of the shower and wrote up the counseling chrono. The counseling chrono written after-the-fact did not amount to deliberate indifference to a serious medical need.) The amended complaint fails to allege an Eighth Amendment claim for deliberate indifference to Mr. Parks' serious medical needs.

///

///

///

///

For the foregoing reasons, this action is **DISMISSED** because the amended complaint fails to state a claim upon which relief may be granted. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: October 9, 2013

_____
EDWARD M. CHEN
United States District Judge